Totten, J.
delivered the opinion of the court.
. This action, in the form of debt before a justice of the peace .where judgment 'was against the defendant below, was taken to the circuit court of Shelby, by appeal. There was judgment against defendant in the circuit court likewise; and his motions for a new trial and in arrest being overruled,.he has appealed in error to this court.
It is assigned for error. 1. That the justice had no .'jurisdiction of the cause of action.
The bond on which/the action is founded, is to the H&llowing purport, that as/ soon as the plaintiffs shall execute a title to the defendant for the sixty acres of -land described, he, the vendee, shall pay to them, one hundred and twenty-one dollars.
*568 Now if the vendors have complied with the condition stated, they have a distinct demand for so much debt eo nomine and in numero, and there can be no objection as for want of jurisdiction. Debt will lie as well as covenant on the instrument in question.
2. That the court erred in its charge to the jury. The court charged in substance, that if the vendors made and signed the deed and acknowledged it before the county court clerk, that would be a sufficient execution of it, and compliance with the contract to entitle them to recover. The defendant’s counsel asked the court to instruct the jury, that the signing and acknowledging the deed before the clerk was not sufficient but that there must be a delivery or tender of the deed to the defendant to entitle the plaintiffs to recover; which the court refused to do, but stated the law of the case as before recited.
Now the contract is, that as soon as the vendors shall execute a title to the vendee, he will pay the purchase money. The intention is, that the acts shall be concurrent, that is, that the money shall be paid at the time of the execution of the deed. Sugden states the rule to be “that in agreements for purchase, the covenants are construed according to the intent of the parties; and they are therefore always considered dependent where a contrary intention does not appear.” “If therefore, he says, either a vendor or vendee, wish to compel the other to observe a contract, he immediately makes his part of the agreement precedent; for he cannot proceed against the other without an actual performance of the agreement on his part, or a tender and refusal.” Sugden on Vendors,245, margin, and cases there cited.
*569 Thus it was held, that in a¿1 action for money to he paid in consideration that the plaintiff would execute a release, the declaration must aver that the release was executed or tendered and refused. 1 Chitty’s Pl., 352, and cases there cited.
. But conceding this to be true, it is insisted for the vendors, that the delivery of the deed as acknowledged at the clerk’s office, was in legal effect a compliance with the contract. It does not appear that the vendee had any notice of or concurrence in this deposit of the deed, but the contrary. It was the act of the vendors alone in regard to which the vendee had no knowledge and gave no consent, so far as appears, and the charge is, that it was not necessary he should concur in the act.
Now the execution of a deed, necessarily implies its delivery; its acceptance by the grantee. What shall be the mode of delivery is a different question, but we do not think the deposit of the deed at the clerk’s office, should be held a good constructive delivery. It would doubtless be good, if the vendee concurred in it or after-wards assented to it.
But he has a right on the tender of performance, to judge whether the thing offered to be done is a performance; whether the deed is properly executed, the land properly described; and if this be so, and he refuse it, that is equivalent to performance and he is liable to be sued for the purchase money. But until performance or tender of performance, on the part of the vendor, the vendee is in no default, and therefore, is not liable to be sued.
We think there was error in the charge. Let the judgment be reversed and the cause remanded.